1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BELAVA, LLC. a California Limited Liability Company,<br><br>        Plaintiff,<br><br>   v.<br><br>SAMARIA BEAUTY SUPPLY INC.,<br><br>        Defendant. | CASE No. CV16-01620 BRO (GJSx)<br><br>**GRANTING STIPULATED FINAL JUDGMENT AND PERMANENT INJUNCTION** |

0238.002\9995

Based upon the Stipulation signed by counsel for Plaintiff Belava, LLC ("Plaintiff") and counsel for Defendants Samaria Beauty Supply Inc. and Samuel Meija ("Defendants") for a Final Judgment in this action, the Court enters this Final Judgment and Permanent Injunction prohibiting the Defendants from infringing Plaintiff's intellectual property, namely U.S. Patent and Trademark Office Patent No. D 504,178 (the " '178 Patent") as part of a comprehensive settlement. For the purposes of this Final Judgment and Permanent Injunction, "Affiliate(s)" means any person or entity that controls, is controlled by, or is under common control directly or indirectly with either Plaintiff or Defendants.   Additionally, "Accused Liner(s)" means the liner created or purchased by Defendants and serving as the basis for this action.

Therefore, IT IS ORDERED that:

1.     This is an action for patent infringement (35 U.S.C. § 101 et seq.), trade dress infringement and federal unfair competition (Lanham Act Section 43(a), 15 U.S.C. § 1125(a) et seq.) and unfair competition and fraud under California law. With respect to the patent and Lanham Act claims this Court has original and/or exclusive jurisdiction over the subject matter of this action and the Defendants under 28 U.S.C. §§ 1331 and 1338(a) and (b). This Court has supplemental jurisdiction with respect to the state law unfair competition claims pursuant to 28 U.S.C. § 1367(a). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

2.     Defendants represent that they have ceased all sales of the Accused Liners.

3.     Effective as of the date of this Final Judgment and Permanent Injunction entered by the Court, each of the Defendants and their owners, officers, agents, servants, employees, and all those in active concert or participation with any of them, are permanently restrained and enjoined from doing any of the following anywhere in the United States before the '178 Patent expires:

(a)     Acquiring, purchasing, manufacturing, marketing, storing, transporting, distributing, dealing in, hypothecating, offering for sale or selling, directly or indirectly, any Accused Liner or other colorable imitation of Plaintiff's disposable liner for use in pedicures or other personal care or hygienic uses;

(b)     Using or otherwise infringing on Belava's or its Affiliates intellectual property rights in the '178 Patent;

(c)     Causing, directing, soliciting, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraphs (a) and (b).

4.     The Court shall retain jurisdiction to enforce the terms of the Settlement Agreement of the parties and Permanent Injunction in this Judgment.

5.     All claims are dismissed with prejudice, conditioned upon performance of the Settlement Agreement.

6.     Final Judgment is hereby entered, with each party responsible for its own costs and attorneys' fees.

DATED:  July 25, 2016

Honorable Beverly Reid O'Connell
U.S. District Court Judge